**Cedric RICE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93054.**

Missouri Court of Appeals,
Eastern District,
Division Two.

April 13, 2010.

Maleaner R. Harvey, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before SHERRI B. SULLIVAN, P.J. and ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ.

### ORDER

### ORDER

PER CURIAM.

Cedric Rice ("Movant") appeals from the judgment of the motion court denying his Rule 29.15 motion for post-conviction relief without an evidentiary hearing.

Movant argues the motion court clearly erred in denying his 29.15 motion for post-conviction relief without an evidentiary hearing because: (1) his trial counsel was ineffective for not filing a motion for new trial asserting the claim that the trial court erred in denying his motion to suppress his statement on the grounds that it was not voluntarily, knowingly, and intelligently made; (2) his trial counsel was ineffective for failing to obtain all discoverable DNA material available to her, including but not limited to, copies of bench notes and DNA raw data; (3) his trial counsel was ineffective for failing to secure independent DNA testing of the evidence taken from the victim's residence and evidence taken to attain Movant's DNA sample; and (4) his appellate counsel was ineffective for failing to assert on his direct appeal that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence as to Count VIII, attempted robbery in the first degree.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. The motion court's findings of fact and conclusions of law are not clearly erroneous. Rule 29.15(k). An opinion reciting the detailed facts and restating principles of law would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).